JOURNAL ENTRY and OPINION
{¶ 1} After the jury was unable to reach a verdict and the matter was set for a new trial, appellant Progressive Casualty Insurance Company ("Progressive") filed a motion for judgment notwithstanding the verdict pursuant to Civ.R. 50(B). Progressive asserted in its motion that it was entitled to judgment in its favor because appellee, Jannette Diaz ("Diaz"), failed to prove all three of the essential elements of her alleged occupational disease claim for bilateral carpal tunnel syndrome entitling her to workers' compensation benefits. The trial court denied Progressive's motion. Progressive now appeals, citing as its sole assignment of error that the trial court erred in denying its Civ.R. 50(B) motion.
 {¶ 2} A motion for judgment notwithstanding the verdict, pursuant to Civ.R. 50(B), may be made when a verdict is not returned as long as it is done within 14 days after the jury has been discharged. "If no verdict was returned the court may direct the entry of judgment or may order a new trial." Civ.R. 50(B). Here, the jury failed to reach a verdict, the jury was discharged, a new trial was ordered, and Progressive filed its motion for judgment notwithstanding the verdict within 14 days of the jury's discharge. This court reviews de novo the trial court's denial of Progressive's motion for judgment notwithstanding the verdict and weighs the evidence in the light most favorable to Diaz, the nonmoving party. Chesney v. Jowers,
Cuyahoga App. No. 82270, 2003-Ohio-6614, ¶ 18.
 {¶ 3} The gravamen of Diaz's complaint is that, as a result of her employment duties at Progressive, including repetitive computer keyboard typing, she suffered from carpal tunnel syndrome. When the Industrial Commission disallowed her workers' compensation claim for carpal tunnel syndrome, she filed her administrative appeal to the court of common pleas.
 {¶ 4} At trial, Diaz was required to prove three elements to show a compensable workers' compensation claim: (1) that her carpal tunnel syndrome was contracted in the course of her employment; (2) that her carpal tunnel syndrome, by its causes and the characteristics of its manifestation or the condition of the employment, results in a hazard which distinguishes the employment in character from employment generally; and (3) the employment creates a risk of contracting the disease in greater degree and in a different manner from the public in general. See R.C. 4123.01(F). Each and every element must be met in order to prove an occupational disease eligible for workers' compensation benefits. Progressive specifically asserts that Diaz failed to prove the second and third elements of an occupational disease.
 {¶ 5} Diaz presented her case at trial through her medical expert, Dr. Matthew Levy ("Dr. Levy.") Dr. Levy testified that Diaz's carpal tunnel syndrome was peculiar to her employment as a customer service representative at Progressive and that her employment — through the repetitive use of striking the computer keys with her flexor tendons — created a risk of contracting carpal tunnel syndrome in a greater degree and in a different manner than to the public at large. Although Progressive argues that this testimony falls short of demonstrating how Diaz's employment resulted in a hazard which distinguished her employment from employment in general, when reviewing the evidence in the light most favorable to Diaz, the jury could reasonably conclude from Dr. Levy's testimony that the job of a customer service representative whose duties almost exclusively involve the repetitive and constant use of her flexor tendons through typing on the computer creates a hazard that is distinguished from employment whose duties include less frequent computer typing. Based on the record before this court, Diaz provided proof of the second element sufficient to survive Progressive's Civ.R. 50(B) motion.
 {¶ 6} Turning to the third element, Progressive asserts that the trial court should have stricken Dr. Levy's trial testimony because such testimony was not provided in his expert report. Specifically, Progressive argues that Dr. Levy's trial opinion that Diaz's employment as a customer service representative created a greater risk of contracting carpal tunnel syndrome than the public at large was inadmissible as it was never provided in his submitted expert report and thus, was prejudicial and surprising to Progressive.
 {¶ 7} Loc.R. 21.1(B) of the Court of Common Pleas of Cuyahoga County, General Division, provides in pertinent part as follows:
 {¶ 8} "The report of a non-party expert must reflect his opinions as to each issue on which the expert will testify. A non-party expert will not be permitted to testify or provide opinions on issues not raised in his report."
 {¶ 9} Dr. Levy's submitted expert reports do not expressly set forth his trial testimony regarding the third element of Diaz's alleged occupational disease claim. However, Dr. Levy's reports opine that Diaz suffers from bilateral carpal tunnel syndrome, that the carpal tunnel syndrome "has been directly and proximately caused as a result of her employment status," and that Diaz's employment duties involve "a lot of keyboard work, which in [Dr. Levy's] opinion has been a major contributory cause to her carpal tunnel syndrome." While not particularly specific to the three elements, it can hardly be said that Progressive suffered from unfair surprise when Dr. Levy elaborated on these broad opinions at trial to conclude that Diaz's employment duties placed her in a greater risk of contracting carpal tunnel syndrome than the public at large. Indeed, Progressive was well aware of the sweeping conclusions in Dr. Levy's reports in advance of trial and on notice of the three elements Diaz needed to prove at trial. Moreover, without the jury reaching a verdict and a new trial scheduled, this court is hard-pressed to find any prejudice to Progressive by allowing into evidence Dr. Levy's trial testimony. Thus, the trial court did not err in overruling Progressive's motion to strike Dr. Levy's testimony as to the third element nor did it err in denying Progressive's Civ.R. 50(B) motion for judgment notwithstanding the verdict.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Celebrezze, Jr., J., Concur.